**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| **IN RE COMPLAINT OF JUDICIAL MISCONDUCT** | No. 22-90006 <br><br> **ORDER** |

Filed November 15, 2023

---

**ORDER**

**MURGUIA**, Chief Judge:

Complainant, a pro se litigant, has filed a complaint of judicial misconduct against a district judge. Review of this complaint is governed by the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Judicial-Conduct Rules"), the federal statutes addressing judicial conduct and disability, 28 U.S.C. § 351 et seq., and relevant prior decisions of the Ninth Circuit Judicial Council. In accordance with these authorities, the names of the complainant and the subject judge shall not be disclosed in this order. See Judicial-Conduct Rule 11(g)(2).

The Judicial-Conduct Rules provide a remedy if a federal judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a).  A chief judge may dismiss a complaint if, following review, he or she finds it is not cognizable under the statute, is directly related to the merits of a decision or procedural ruling, or is frivolous or lacks sufficient evidence to raise an inference of misconduct.  See 28 U.S.C. § 352(b)(1)(A)(i)-(iii).  Judicial misconduct proceedings are not a substitute for the normal appellate review process, and may not be used to seek reversal of a judge's decision, to obtain a new trial, or to request reassignment to a different judge.

This misconduct complaint arises out of an attorney disciplinary matter.  In the misconduct complaint, the complainant alleges that the district judge "made a gross error in his decision to affirm the Bar's suspension" and that the district judge refused to consider evidence.  These allegations are related to the merits and must be dismissed on that ground.  See 28 U.S.C. § 352(b)(1)(A)(ii); In re Complaint of Jud. Misconduct, 838 F.3d 1030 (9th Cir. Jud. Council 2016) (dismissing allegations that a district judge and magistrate judge made various improper rulings as merits related); Judicial-Conduct Rule 11(c)(1)(B).

Complainant also alleges that the district judge violated his due process rights by improperly acting as a prosecutor in lieu of the State Bar.  A review of the record reveals that the disciplinary proceedings were conducted pursuant to the local rules of the district court and the district judge explained that the district court did not have appellate jurisdiction over the State Bar's decisions.  Initiating reciprocal attorney disciplinary proceedings is not improper. See In re Kramer, 282 F.3d 721, 724 (9th Cir. 2002) (finding

the district court's imposition of reciprocal attorney discipline proceedings based on a state's disciplinary adjudication was not an abuse of discretion); see also 9th Cir. R. 46-2(c). Because complainant provides no objectively verifiable evidence of misconduct in this matter, this allegation must be dismissed. See 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

**DISMISSED.**